# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

QUADREE SMITH

Defendant.

Case Number    03-844-02

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, QUADREE SMITH, was represented by Randy Davenport, Esq.

The defendant pled guilty to count(s) 2.49 of the 3rd superseding indictment on 9/21/06. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1962© | Racketeering | 1993 thru 10/04 | 2 |
| 18:371 | Conspiracy to Deal in firearms without a license | 1993 thru 10/04 | 49 |

As pronounced on 4/17/07, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. *Counts 1,3,4,5,7,8,10,11,21,22,31,33,37,39,41,50,51,55,59 are dismissed.*

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for count(s) 2,49, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __17__ day of day of April, 2007.

KATHARINE S. HAYDEN
United States District Judge

07017

Judgment – Page 2 of 5

Defendant: **QUADREE SMITH**
Case Number: 03-844-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 314 Months.  Said sentence shall run concurrently with the undischarged state terms of imprisonment in State of New Jersey Indictments/cases, No. 00-09-2340.

The sentence of imprisonment is imposed pursuant to United States Sentencing Commission, Guidelines Manual section 5G1.3(b).  The Court **adjusts** the sentence to give defendant credit for 46 month period of imprisonment already served by the defendant as a result of conduct taken into account in determining the guideline range for the instant offense of conviction based on this Court's determination that such period of imprisonment will not be credited to this federal sentence by the Bureau of Prisons.

The imposition of this sentence is **not** a departure from the guideline range because the defendant has been credited for guidelines purposes under section 5G1.3(b).

On Indictment No. 00-09-2340, Mr. Smith was sentenced to 16 years custody, New Jersey Department of Corrections on 7/10/03 and pursuant to U.S.S.G § 5G1.3, the Court hereby **adjusts** his 30 years sentence to reflect a credit of 46 months served as of April 17, 2007 in the Custody of the New Jersey Department of corrections.  The Bureau of Prisons may consider the Court's intended sentence of 30 years in calculating good time credit.

The Court makes the following recommendations to the Bureau of Prisons: It is recommended that defendant participate in the Bureau of Prisons Financial Responsibility Program.

The defendant shall remain in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 5

Defendant: QUADREE SMITH
Case Number: 03-844-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years on Count Two and a term of 3 years on Count Forty nine to run concurrently with State of New Jersey Indictments/cases, No. 00-09-2340.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant is to refrain from associating with, or being in the company of, any members of the Bloods street gang, or members of any other street gang. The defendant shall be restricted from frequenting any location where the Bloods street members are know to congregate or meet: shall not wear, display, use or possess any insignia, emblem, logo, jewelry, cap, hat bandana, shoelace, or any article of clothing which has any Blood significance or is evidence of affiliation with, or membership in the Bloods street gang.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Defendant: **QUADREE SMITH**
Case Number: 03-844-02

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                      Defendant                              Date

_____
U.S. Probation Officer/Designated Witness        Date

Judgment – Page 5 of 5

Defendant: **QUADREE SMITH**
Case Number: 03-844-02

## FINE

The defendant shall pay a fine of $5,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $50.00, to commence 30 days after release from confinement.

This amount is the total of the fines imposed on individual counts, as follows: $2,500.00 on Count Two and $2,500.00 on Count Forty nine.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.